IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN VANCIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-1329-MAB |
| | ) |
| COMPLIANCE STAFFING AGENCY, LLC, f/k/a JM Services, a/k/a Jennmar Services, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendant's motion for attorneys' fees and costs arising from Plaintiff's failure to appear for his deposition on two occasions (Doc. 51).

### BACKGROUND

The parties, through their respective counsel, agreed that Plaintiff's deposition would take place on March 10, 2022, and a notice of deposition was served (Doc. 35, pp. 10–12). Plaintiff, however, failed to appear (*see* Doc. 35, pp. 17–23). Plaintiff's deposition was rescheduled for March 25, 2022, and a notice of deposition was served (Doc. 35, pp. 25–27). Plaintiff again failed to appear (*see* Doc. 25, pp. 31–36).

Plaintiff's two no-shows prompted his attorney to file a motion to withdraw due to "a breakdown in communication that prevents effective representation" (Doc. 33). The motion to withdraw was granted (Doc. 36), and Plaintiff elected to proceed *pro se* rather

than retain another attorney (Doc. 38). Plaintiff's two no-shows also prompted Defendant to file a Motion to Dismiss for Want of Prosecution and for Sanctions ("motion for sanctions") (Doc. 35). Defendant asked the Court to dismiss this case, or in the alternative, to prohibit Plaintiff from introducing new evidence (such as affidavits, statements, or testimony) to support his claims. Defendants also asked for an award of reasonable attorneys' fees and costs incurred in connection with the failed depositions and bringing the motion for sanctions.

Plaintiff filed a timely response to Defendant's motion for sanctions, stating that he did not appear at his first deposition because he did not understand or appreciate the significance of a deposition, and he did not appear at his second deposition because his vehicle broke down (Doc. 39; *see also* Docs. 36, 45). The Court set the matter for a status conference on May 19, 2022 (Doc. 36). However, it was rescheduled the day before at Plaintiff's request because he was in the Williamson County Jail (Doc. 41; *see also* Doc. 45). Plaintiff then failed to appear at the rescheduled status conference on June 2, 2022, claiming his vehicle broke down again (Doc. 43; *see also* Doc. 45). Plaintiff was ordered to show cause why this case should not be dismissed due to his pattern of delay, non-compliance with Court orders, and lack of prosecutive intent (Doc. 43), which he responded to on-time (Doc. 45).

The Court then set a hearing on Defendant's motion for sanctions (Docs. 47, 48, 49), and Plaintiff appeared as ordered (Doc. 50). The motion was granted in part and denied in part (*Id.*). The undersigned indicated that he was not going to dismiss the case but he would impose sanctions in the form of "attorney's fees and costs . . . associated

with the two depositions where Plaintiff failed to appear" (*Id.*). Defendant subsequently submitted a motion seeking an award of attorney's fees and costs in the total amount of $8,956.00 (Doc. 51). Plaintiff did not initially file a response but did so after the Court ordered him to (Doc. 56; *see also* Doc. 52). He acknowledged that while Defendant incurred unnecessary fees and costs as a result of his failure to appear at his depositions, he had no concept of "how much stuff like this cost" and therefore did not contest the amount sought by Defendant and "only hope[d] they [were] being fair" (*Id.*).

## DISCUSSION

Rule 37(d) gives the Court authority to order sanctions if a party fails to appear at their properly noticed deposition. FED. R. CIV. P. 37(d)(1); *Evans v. Griffin*, 932 F.3d 1043, 1045–46 (7th Cir. 2019) (explaining Rule 37(d) applies "where a [party] literally fails to show up for a deposition session." (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983))). A variety of sanctions can be awarded, but the Court must at least "require the party who failed to appear to pay the reasonable expenses, including attorney's fees, *caused by the failure*," unless the court finds that the failure to appear "was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added). The party facing sanctions bears the burden of showing that their failure was substantially justified or that special circumstances made an award of expenses unjust. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 335 (D. Nev. 2016) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (citing *Novak v. Wolpoff & Abramson LLP,* 536 F.3d 175, 178 (2d Cir. 2008)).

In this instance, Plaintiff made no such arguments (*see* Docs. 39, 45, 56). The Court notes that while Plaintiff's previous explanations for his failure to appear at his depositions suggest that his failure was likely not in bad faith, sanctions under Rule 37(d) can be imposed without a finding of bad faith. *John Wiley & Sons*, 298 F.R.D. at 149 (collecting cases); *see also Robles v. Green Bay Educ. Ass'n*, 295 F.R.D. 301, 302 (E.D. Wis. 2013) (awarding sanctions for counsel's failure to appear at a deposition even though his error was "completely innocent" because it caused the opposing party to incur a significant amount of expenses and fees). The Court also notes that Plaintiff previously made statements suggesting he may be indigent (*see* Doc. 45, p. 3). *See* 2 DISCOVERY PROCEEDINGS IN FEDERAL COURT § 22:31 (3d ed.) ("The indigent status of a party may be a factor in determining whether to award expenses as a sanction for discovery misconduct, but it will not necessarily preclude imposition of the sanction."). However, Plaintiff's statements were very general in nature, and he has not provided any specific details about his financial situation nor evidence that he cannot afford to pay sanctions (*see, e.g.*, Doc. 56). Accordingly, because Plaintiff has failed to show substantial justification for his actions or that imposing sanctions would be otherwise unjust, Defendant will be awarded its reasonable expenses caused by Plaintiff's failure to attend his depositions.

As previously indicated, Defendant is asking for a total of $8,956.00 in fees and costs associated with the two failed depositions and its motion for sanctions (Doc. 51). Beginning with the costs, Defendant seeks $646.00 in costs associated with the two failed depositions (Doc. 51).

| Date | Description | Dollars |
|---|---|---|
| 3/10/2022 | Transcript of proceedings on 3/10/2022 | $317.00 |
| 3/25/2022 | Transcript of proceedings on 3/25/2022 | $329.00 |
|  | **TOTAL COSTS** | **$646.00** |

Defendant included these costs in its itemization but did not provide any documentary proof of the costs (*e.g.,* the court reporter's invoices) (*see* Doc. 51, p. 14). The Court notes that each transcript was eleven pages or less (including the title page, the court reporter's certification, and an index) (*see* Doc. 35, pp. 17–23, 31–36). Accordingly, the Court is skeptical that each transcript cost more than $300.00. It's possible the numbers provided also include an appearance fee for the court reporter, but the Court is unable to say for certain because, as previously noted, Defendant did not provide the invoices from the court reporter (*see* Doc. 50). Without documentation showing the exact nature of these costs, the Court is unable to find that they are reasonable. Accordingly, these costs are denied. *See Hayes v. Mazda Motor Corp.,* No. CIV WMN-97-4378, 2000 WL 33208121, at *2 (D. Md. Aug. 7, 2000) (denying costs for transcripts for which no documentary backup was provided).

      The Court turns now to the attorney fees that Defendant seeks. To calculate attorney fees, the district court generally begins with the "lodestar," which is the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *See Montanez v. Simon,* 755 F.3d 547, 553 (7th Cir. 2014). Defendant bears the burden of submitting evidence supporting the hours worked and the rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). After the lodestar fee is determined, the court should

consider whether an adjustment is necessary based on factors not included in the computation. *Montanez*, 755 F.3d at 533. Such factors can include the time and labor required, the novelty or difficulty of the case, the degree of success achieved, the experience and ability of the attorneys, the adequacy of the documentation of the hours, and whether appropriate billing judgment was used. *See Hensley*, 461 U.S. at 430 n.4. In making an adjustment, the court "may consider 'their overall sense of the suit' and 'may use estimates in calculating and allocating an attorney's time.'" *Vega v. Chicago Park Dist.*, 12 F.4th 696, 705 (7th Cir. 2021) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). A line-by-line analysis is not required. *Vega*, 12 F.4th at 705 (citing *Nichols v. Illinois Dep't of Transp.*, 4 F.4th 437, 444 (7th Cir. 2021)); *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986) ("We endorse the court's [lump-sum] approach as a practical means of trimming fat from a fee application; it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application.").

Here, Defendant seeks $8,310.00 in fees for 27.7 hours of attorney work at a rate of $300 per hour (Doc. 51, p. 14). With respect to the hourly rate, defense counsel, Dan Corbett, stated in a sworn declaration that his usual hourly rate is $495.00 and co-counsel Contessa Brundridge's usual hourly rate is $355, which were set by their firm and "are consistent with and comparable to rates of associates of similar years of experience at similarly sized law firms" (Doc. 51, p. 11). However, the firm agreed to represent Defendant for $300 per hour, and therefore, Defendant is seeking recovery only at that rate (*Id.*). Plaintiff does not contest the reasonableness of a $300 hourly rate (*see* Doc. 56), and the Court has no reason to believe it is anything but reasonable.

As for the number of hours expended, Defendant claims it is entitled to be compensated for 27.7 hours of attorney time. That includes 9.8 hours of time spent scheduling and preparing for Plaintiff's first deposition (*see* Doc. 51, p. 14).

| Date | Timekeeper | Description | Hours | Dollars |
|---|---|---|---|---|
| 3/3/2022 | Corbett, D. | Emails with opposing counsel regarding scheduling of depositions | 0.1 | $30.00 |
| 3/8/2022 | Corbett, D. | Prepare for deposition of plaintiff | 2.1 | $630.00 |
| 3/8/2022 | Corbett, D. | Reviewing plaintiff's background search information and criminal records history in preparing for deposition | 0.5 | $150.00 |
| 3/9/2022 | Corbett, D. | Preparing exhibits for use during plaintiff's deposition | 1.1 | $330.00 |
| 3/9/2022 | Corbett, D. | Reviewing the parties' discovery responses and document production in preparing for deposition of plaintiff | 1.5 | $450.00 |
| 3/9/2022 | Corbett, D. | Continued review of discovery and relevant documentation in preparing for deposition of plaintiff | 3.4 | $1,020.00 |
| 3/10/2022 | Corbett, D. | Prepare for deposition of plaintiff | 1.1 | $330.00 |
| | | **TOTAL** | **9.8 hrs** | **$2,940.00** |

The Court finds that defense counsel would have expended the time to schedule and prepare for the first deposition as an ordinary and necessary litigation activity, regardless of whether Plaintiff showed up to the deposition. These fees were therefore not *caused by* Plaintiff's failure to appear. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) ("[W]hen the cost would have been incurred in the absence of the discovery violation, then the court (possessing only the power to compensate for harm the

misconduct has caused) must leave it alone.") (alteration to original). *See also Buckley v. S.W.O.R.N. Prot. LLC,* No. 120CV00357HABSLC, 2022 WL 970067, at *2 (N.D. Ind. Mar. 31, 2022) (disallowing fees for time spent preparing for deposition at which the deponent failed to show); *Dave' v. Bd. of Trustees of S. Illinois Univ., Carbondale*, No. 3:18-CV-02122-GCS, 2022 WL 575614, at *6 (S.D. Ill. Feb. 25, 2022) (same); *Franzen v. Ellis Corp.*, No. 03 C 0641, 2004 WL 421954, at *1 (N.D. Ill. Feb. 12, 2004) (same).

Furthermore, the Court does not believe that Defendant is nevertheless entitled to recover these fees because, as Defendant argued, so much time has gone by since counsel first prepared for Plaintiff's deposition, that "a significant amount of the work . . . will need to be repeated to ensure that counsel will be adequately prepared for the deposition" (Doc. 51, pp. 5–6). The Court is unpersuaded that all of defense counsel's previous preparation was essentially for naught and believes that a significant portion of it will still be utilized and will not have to be duplicated. That being said, the Court acknowledges that some of defense counsel's preparation was certainly wasted effort and will have to be repeated and/or reviewed due to the passage of time. Accordingly, the Court will award 25% of the value of the time devoted to preparing for (not scheduling) Plaintiff's first deposition. The total preparation time was 9.7 hours; one-quarter of that is 2.425 hours. When billed at a rate of $300 an hour, that equates to $727.50 in fees.

The Court will also award Defendant the fees incurred for attorney time spent attending the first failed deposition. Plaintiff's failure to appear made defense counsel's presence a waste of time. It also required defense counsel to communicate with Plaintiff's counsel to reschedule the deposition, and fees for those efforts will also be awarded.

| Date | Timekeeper | Description | Hours | Dollars |
|---|---|---|---|---|
| 3/10/2022 | Corbett, D. | Attend deposition of deposition of plaintiff (did not appear). | 0.8 | $240.00 |
| 3/10/2022 | Corbett, D. | Various emails and telephone calls with opposing counsel regarding plaintiff's failure to appear for deposition and re-scheduling of same. | 0.4 | $120.00 |
| 3/14/2022 | Corbett, D. | Various emails and telephone calls with opposing counsel regarding plaintiff's failure to appear for deposition | 0.2 | $60.00 |
| 3/15/2022 | Corbett, D. | Email to opposing counsel regarding rescheduling of deposition of plaintiff | 0.1 | $30.00 |
| 3/22/2022 | Corbett, D. | Emails to opposing counsel to confirm plaintiff's deposition scheduled for March 25. | 0.1 | $30.00 |
| | | **TOTAL** | **1.6 hrs** | **$480.00** |

These fees total $480.00 and represent 1.6 hours billed at a rate of $300 an hour. The Court finds the number of hours billed reasonable.

As for the time defense counsel spent preparing for and attending the second deposition, Defendant is seeking reimbursement for 4.9 hours of attorney time.

| Date | Timekeeper | Description | Hours | Dollars |
|---|---|---|---|---|
| 3/24/2022 | Corbett, D. | Prepare for deposition of plaintiff based on additional documentation received from defendant and produced to plaintiff | 3.8 | $1,140.00 |
| 3/25/2022 | Corbett, D. | Prepare for deposition of plaintiff | 0.4 | $120.00 |
| 3/25/2022 | Corbett, D. | Attend deposition of plaintiff (did not appear) | 0.7 | $210.00 |
| | | **TOTAL** | **4.9 hrs** | **$1,470.00** |

The Court, however, takes issue with the first entry for 3.8 hours spent "preparing for deposition of plaintiff based on additional documentation received from defendant."

Without any further details from Defendant, the Court takes this entry to mean that defense counsel spent 3.8 hours reviewing documents produced by his client. The Court does not see how these fees were incurred solely *because of* Plaintiff's failure to appear at his first deposition. Rather, it seems that defense counsel would have had to review these documents in any event as an ordinary and necessary activity in the course of discovery. Consequently, these fees will not be allowed. The Court accepts some amount of additional preparation for the second deposition was required and, of course, Defense counsel's presence at the second deposition was a waste of time, and so the remaining $330.00 in fees for 1.1 hours of attorney time will be allowed.

Finally, Defendant seeks fees for the time that defense counsel spent drafting the motion for sanctions and preparing for and attending the hearings related to the motion (*see* Doc. 51, p. 14). These fees total $3,420.00 and represent 11.4 hours billed at a rate of $300 an hour.

| Date | Timekeeper | Description | Hours | Dollars |
|---|---|---|---|---|
| 3/25/2022 | Corbett, D. | Research regarding motion to dismiss for want of prosecution based on plaintiff's failure to appear for two noticed depositions | 0.4 | $120.00 |
| 3/28/2022 | Corbett, D. | Draft motion to dismiss for want of prosecution. | 2.8 | $840.00 |
| 3/31/2022 | Corbett, D. | Revise and finalize motion to dismiss for want of prosecution | 2.4 | $720.00 |
| 5/13/2022 | Corbett, D. | Telephone conference with [co-counsel] Contessa Brundridge regarding local coverage and strategy for upcoming hearing on motion to dismiss. | 0.3 | $90.00 |

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 5/16/2022 | Corbett, D. | Review recent pleadings, orders and dockets in anticipation of upcoming hearing on motion to dismiss | 0.7 | $210.00 |
| 5/18/2022 | Corbett, D. | Telephone call with clerk regarding re-scheduling hearing on motion to dismiss | 0.1 | $30.00 |
| 5/18/2022 | Corbett, D. | Review text entry re-scheduling hearing on motion to dismiss. | 0.1 | $30.00 |
| 5/31/2022 | Corbett, D. | Prepare strategy for upcoming hearing based on plaintiff's response to motion to dismiss | 0.3 | $90.00 |
| 6/2/2022 | Corbett, D. | Prepare strategy for upcoming hearing based on plaintiff's phone call indicating he will be unable to appear | 0.5 | $150.00 |
| 6/2/2022 | Brundridge, C. | Attend status hearing and hearing on motion to dismiss (travel time included). | 1.8 | $540.00 |
| 6/2/2022 | Corbett, D. | Review rule to show cause order entered by court. | 0.2 | $60.00 |
| 6/30/2022 | Corbett, D. | Review plaintiff's response to court's rule to show cause order. | 0.2 | $60.00 |
| 9/21/2022 | Corbett, D. | Prepare for upcoming hearing on motion to dismiss. | 0.8 | $240.00 |
| 9/22/2022 | Corbett, D. | Prepare for and attend hearing on motion to dismiss. | 0.8 | $240.00 |
| | | **TOTAL** | **11.4 hrs** | **$3,420.00** |

While the Court did not specifically state at the hearing that these fees would be recoverable, such fees are routinely allowed[1] and the Court finds these fees are a

---

[1] *See, e.g., Dave' v. Bd. of Trustees of S. Illinois Univ., Carbondale*, No. 3:18-CV-02122-GCS, 2022 WL 575614, at *7 (S.D. Ill. Feb. 25, 2022) (awarding fees incurred in bringing motion for sanctions related to deposition); *MetroPCS v. Devor*, 256 F. Supp. 3d 807, 810 (N.D. Ill. 2017) (awarding plaintiff attorneys' fees and costs incurred as a result of defendant's failure to appear at deposition and in bringing motion to compel); *Robles v. Green Bay Educ. Ass'n*, 295 F.R.D. 301, 302 (E.D. Wis. 2013) (awarding attorney fees incurred in bringing motion for sanctions under Rule 37(d)); *Franzen v. Ellis Corp.*, No. 03 C 0641, 2004 WL 421954, at *1 (N.D.

necessary and proper aspect of sanctions in this case. After all, Defendant would not have incurred fees for the motion for sanctions or the subsequent corresponding proceedings in the absence of Plaintiff's failure to appear at his depositions.

The Court, however, finds that the number of hours billed is not reasonable, particularly the time spent preparing for the hearings, given the lack of complexity of the issues and the filings and the brevity of the hearings. Accordingly, the Court will reduce the number of hours claimed by Defendant to 8.9 hours. The Court's reduction reflects the full 5.6 hours defense counsel itemized for researching and preparing the motion for sanctions; one hour total related to scheduling, preparing, strategizing for the hearings; the full 1.8 hours defense counsel itemized for attending the status hearing on June 2, 2022; and 0.5 hours for remotely attending the hearing on September 22, 2022. The fees for 8.9 hours, billed at $300 an hour, totals $2,670.00.

## Conclusion

The Court **ACCEPTS in part and REJECTS in part** Defendant's accounting of the costs and fees to be awarded as an appropriate sanction for Plaintiff's failure to appear at his depositions. Plaintiff is **ORDERED** to pay Defendant $ 4,207.50 in costs and fees.

Enforcement of the sanctions order is **STAYED** pending final judgment in this case. Consequently, Plaintiff is not required to immediately make any payments. In the event of a settlement or a verdict in Plaintiff's favor, the amount he owes in sanctions will be deducted from the settlement or damages award. On the other hand, if this matter is

---

Ill. Feb. 12, 2004) (awarding defendant attorneys' fees and costs incurred for plaintiff's deposition and in bringing a motion for sanctions).

not resolved in Plaintiff's favor, the amount he owes in sanctions will be made part of the judgment against him. This matter will be set for a status conference to discuss new deadlines for discovery and dispositive motions.

Plaintiff is warned that the Court expects him to strictly adhere to any and all deadlines that are set and Orders that are entered in this case. Any further instances of delay and non-compliance will not be tolerated and his case will be dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: July 20, 2023**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**